IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In Re:<br>SEVEN SEAS PETROLEUM, INC.<br>    Debtor. | Case No. 02-45206-H2-11<br>Adversary Proceeding No. 03-3577 |
| SEVEN SEAS PETROLEUM, INC.,<br>    Plaintiff,<br>v<br>HIGHLAND CAPITAL MANAGEMENT, L.P., ML CBO IV (CAYMAN) LTD., PAMCO CAYMAN, LTD., PAM CAPITAL FUNDING, L.P., FAMCO VALUE INCOME PARTNERS, L.P., and FAMCO OFFSHORE LTD.<br>    Defendants. | CIVIL ACTION NO. H-05-1104 |

## ORDER GRANTING LEAVE TO APPEAL AND DENYING MOTION TO ABATE

Pending before the court are Seven Seas Petroleum, Inc.'s ("Seven Seas") Motion to Dismiss Appeal or, Alternatively, to Deny Leave to Appeal (Doc. 2) and Motion to Abate Briefing Schedule Pending Ruling on Motion to Dismiss Appeal (Doc. 3). Seven Seas, as the Reorganized Debtor pursuant to the confirmed Chapter 11 Trustee's Second Amended Plan dated August 2, 2003, argues that the Defendants' (the "Highland Defendants") are attempting to perfect an appeal form the Bankruptcy Court's Preliminary Injunction and/or the Order Denying Modification of the Preliminary Injunction, orders which Seven Seas asserts are "unquestionably interlocutory," and without leave of court in contravention of 28 U.S.C. § 158(a)(3), in and contravention of Rules 8001(b) and 8003 (Doc. 2, p. 1); and, Seven Seas asks the court to abate (Doc. 3) any appellate proceedings and briefing schedule while the court makes a determination on its Motion to Dismiss the Appeal.

Bankruptcy Rule 8003(c) allows the court to construe an appeal improperly taken as a leave to appeal, if a required motion for leave is not filed, but a notice of appeal is timely filed. In the courts of appeals, jurisdiction to review a lower court's granting of a preliminary injunction exists pursuant

to 28 U.S.C. § 1292(a)(1). *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991); *See also Great American Ins. Co. v. McElwee Bros.*, 106 Fed. Appx. 197, 200 (5th Cir. 2004). The court will allow the Highland Defendants leave to appeal. *See Clark v. Sanders (In re Reserve Prod.)*, 190 B.R. 287, 289-290 (Bankr. E.D. Tex. 1995). Therefore, Seven Seas Motion to Deny Leave to Appeal will be denied. Furthermore, the case will proceed according to the briefing schedule under Bankrutpcy Rule 8009, and Seven Seas' Motion to Abate will be denied.

Accordingly, it is hereby

ORDERED that Seven Seas Petroleum, Inc.'s Motion to Dismiss Appeal or, Alternatively, to Deny Leave to Appeal (Doc. 2) and Motion to Abate Briefing Schedule Pending Ruling on Motion to Dismiss Appeal (Doc. 3) are DENIED and the Defendants' Appeal is accepted; the parties must follow the briefing schedule for appeals set out in Bankruptcy Rule 8009.

**SIGNED** at Houston, Texas, this 21st day of April, 2005.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE